IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ZACHARY WIER,

    Plaintiff,

v.                                   1:25-cv-00312-JMR-LF

INDECA CRUDE XPRESS, LLC,

    Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR CONDITIONAL CLASS CERTIFICATION**

THIS MATTER comes before the Court on Plaintiff's Motion for Conditional Class Certification. Doc. 22. Defendant filed a response. Doc. 23. Plaintiff filed a reply. Doc. 24. The parties consented to me entering a final judgment in this matter, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b). Doc. 9. Having reviewed the parties' submissions and the relevant law, the Court hereby GRANTS IN PART and DENIES IN PART Plaintiff's motion.

The Court conditionally certifies the following FLSA class:

All of Defendant's current and former truck drivers who hauled loads in New Mexico, worked over forty (40) hours in New Mexico at least one week within the three (3) years preceding the filing of this lawsuit, and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours.

## I.    The Parties' Arguments

Plaintiff brought this action under the Fair Labor Standards Act ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA"). Doc. 1 at 1 ¶ 1; *see also* 29 U.S.C. § 216; N.M. Stat. § 50-4-26. Plaintiff is a former truck driver who alleges that Defendant "failed to properly pay him for overtime hours worked at the legally required rate in violation of the NMMWA . . . and the FLSA." *Id.* at ¶ 4. Plaintiff alleges that he, and other truck drivers like him, "regularly

worked over forty (40) hours in each workweek," without overtime compensation. *Id.* at 5.

Plaintiff requests to certify a FLSA and NMMWA collective action of:

> All of Defendant's current and former truck drivers who hauled loads in New Mexico, worked over forty (40) hours in at least one week within the three (3) years preceding the filing of this lawsuit, and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours.

Doc. 22 at 2. Defendant opposes certification. Doc. 23.

## II.    Fair Labor Standards Act

The Court conditionally certifies the following class under 29 U.S.C. § 216:

> All of Defendant's current and former truck drivers who hauled loads in New Mexico, worked over forty (40) hours in New Mexico in at least one week within the three (3) years preceding the filing of this lawsuit, and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours.

### A.  Legal Analysis

Under FLSA, an employee may bring a collective action on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). "A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

Under FLSA courts may use a two-stage "ad hoc" approach to the collective action. *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001) (finding no error when the district court used the two-stage, ad-hoc approach to a FLSA collective action). The first stage of this approach is the "notice stage." *Thiessen*, 267 F.3d at 1102. During the notice stage, the Court determines only whether the proposed collective action plaintiffs are "similarly situated." *Thiessen*, 267 F.3d at 1102. "In doing so, a court 'require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" *Thiessen*, 267 F.3d at 1102 (quoting *Vaszlavik v. Storage Tech. Corp.*,

175 F.R.D. 672, 678 (D. Colo. 1997)). "[D]istrict courts must determine who is similarly situated in a 'manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure.'" *In re Chipotle Mexican Grill, Inc.*, No. 17-1028, 2017 WL 4054144, at *1 (10th Cir. Mar. 27, 2017) (citing *Hoffmann-La Roche Inc*, 493 U.S. at 170). The legal standard for conditional class certification is lower at the notice stage than it will be in the later decertification stage. *Vaszlavik*, 175 F.R.D. at 678.

"In general, if putative class members are employees with similar positions, allegations that the defendants 'engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy, or plan." *Waltrip v. TransWood Logistics, Inc.*, No. 1:24-CV-00672-SMD-KK, 2025 WL 1361733, at *4 (D.N.M. May 9, 2025) (quoting *Foster v. Nova Hardbanding*, LLC, No. CV 15-1047, 2016 WL 4492829, at *2 (D.N.M. Apr. 20, 2016)). In *Waltrip*, this Court conditionally certified the following FLSA class that sought unpaid overtime wages:

> All of Defendants' current and former truck drivers who worked in New Mexico and who worked over forty (40) hours in at least one week within the three (3) years preceding the filing of this lawsuit and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours.

*Waltrip*, 2025 WL 1361733, at *8.

Here, Plaintiff proposes the following class definition:

> All of Defendant's current and former truck drivers who hauled loads in New Mexico, worked over forty (40) hours in at least one week within the three (3) years preceding the filing of this lawsuit, and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours.

Doc. 22 at 2.

Plaintiff's proposed class members are "similarly situated" *See* 29 U.S.C. § 216(b). The proposed class members all hold or held the same position—truck drivers for the Defendant.

3

They all allege that Defendant failed to pay them for overtime work. Defendant does not dispute that its "drivers are not paid overtime." Doc. 23 at 3. Instead, Defendant argues that its drivers are not legally entitled to overtime pay. This proposed class is a straightforward example of proposed class members who were all allegedly "together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102.

Many courts have conditionally certified similar classes in FLSA actions where truck drivers allege that they have been denied overtime pay. *See Waltrip*, 2025 WL 1361733, at *8; *Dees v. Fevid Transp., LLC*, No. 1:24-CV-00873-MIS-KK, 2025 WL 1455955, at *8 (D.N.M. May 21, 2025);[1] *Back v. Ray Jones Trucking, Inc.*, No. 4:22-CV-00005-GNS-HBB, 2024 WL 4571448, at *2 (W.D. Ky. Oct. 24, 2024) (refusing to decertify class);[2] *De La Rosa v. J&GK Props., LLC*, No. 4:19-CV-00126, 2019 WL 7067130, at *1 (E.D. Tex. Dec. 23, 2019)

---

[1] In *Dees*, this Court conditionally certified a FLSA class defined as,

> All of Defendants' current and former truck drivers who hauled loads that began and/or ended in New Mexico, worked over forty (40) hours in at least one week within the three (3) years preceding the filing of this lawsuit, and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours.

*Dees v. Fevid Transp., LLC*, No. 1:24-CV-00873-MIS-KK, 2025 WL 1455955, at *8 (D.N.M. May 21, 2025).

[2] In *Back*, the Western District of Kentucky declined to decertify a FLSA class defined as,

> All current and former truck driver employees of Ray Jones Trucking, Inc. who were not paid at an overtime rate of pay for such employee's work in excess of forty hours in one or more workweeks since January 8, 2019, despite the employee qualifying for overtime compensation.

*Back v. Ray Jones Trucking, Inc.*, No. 4:22-CV-00005-GNS-HBB, 2024 WL 4571448, at *2 (W.D. Ky. Oct. 24, 2024).

(conditionally certifying FLSA class);[3] *Moultry v. Cemex, Inc.*, No. 8:07-CV-453-T-26-MSS, 2007 WL 2671087, at *1 (M.D. Fla. Sept. 7, 2007).[4] This case is no different.

The Court will modify Plaintiff's proposed class to clarify an ambiguity. *See Landry v. Swire Oilfield Servs., L.L.C.*, 252 F. Supp. 3d 1079, 1128 (D.N.M. 2017) (modifying class definition to address litigant's concern). Defendant complains that the proposed class, "does not limit members of the proposed class/collective to drivers who worked over 40 hours *in New Mexico* and were not paid overtime for work *in New Mexico*." Doc. 23 at 8. However, in the reply briefing, Plaintiff asserts that he "seeks certification only for truck drivers who performed the defined overtime work in New Mexico and were denied overtime pay for that work in New Mexico." Doc. 24 at 6. Despite Plaintiff's assertion in the reply, that is not evident from his originally proposed definition. Thus, the Court modifies the class definition to make clear that it only includes work performed in New Mexico. The modified class definition is:

> All of Defendant's current and former truck drivers who hauled loads in New Mexico, worked over forty (40) hours *in New Mexico* at least one week within the three (3) years preceding the filing of this lawsuit, and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours.

---

[3] In *De La Rosa*, the Eastern District of Texas conditionally certified a FLSA class defined as,

> All current and former truck drivers employed by Defendant who exclusively hauled sand, gravel and cement in the state of Texas, and worked in excess of forty (40) hours in any workweek at any time during the last three (3) years.

*De La Rosa v. J&GK Props., LLC*, No. 4:19-CV-00126, 2019 WL 7067130, at *1 (E.D. Tex. Dec. 23, 2019).

[4] In *Moultry*, the Middle District of Florida conditionally certified a FLSA class defined as, "all current and former truck drivers who worked over-time hours for Cemex within the last three years and did not receive full payment for all over-time worked." *Moultry v. Cemex, Inc.*, No. 8:07-CV-453-T-26-MSS, 2007 WL 2671087, at *1 (M.D. Fla. Sept. 7, 2007).

Beyond this slight modification, Defendant argues that the proposed class "is defined ambiguously and not within reasonable limits." Doc. 23 at 6. The Court disagrees. Each of Defendant's arguments are individually addressed below.

First, Defendant argues that "Plaintiff's definition is improper to the extent it defines members of a proposed collective with reference to 'the three (3) years preceding the filing of this lawsuit.'" Doc. 23 at 7. To explain, Defendant states:

> For persons named in the initial complaint who provide written consent to join, a FLSA action "commences" upon the filing of the complaint. 29 U.S.C. §256(a). For persons not so named, a FLSA action is deemed to "commence" when that person files written consent to join the action. *Id.* §256(b).

*Id.* Defendant's argument conflates the commencement of an opt-in Plaintiff's claim for statute of limitation purposes with the filing date of the lawsuit. Plaintiff's proposed definition covers drivers who "worked over forty (40) hours in at least one week within the three (3) years preceding the *filing of this lawsuit*." Doc. 22 at 2. This lawsuit was filed on March 27, 2025. Doc. 1. This Court has approved of this language in past cases with no issues. *See Waltrip*, 2025 WL 1361733, at *8; *Dees*, 2025 WL 1455955, at *8. Defendant has not sufficiently explained why this proposed timeframe is improper.

Second, Defendant complains that it does not understand whether Plaintiff's proposed class includes "current and former drivers or only former drivers." Doc. 23 at 7. Defendant asserts that "[a]bsent clarity as to whether the proposed class/collective includes current and former drivers or only former drivers, Defendant cannot properly respond a motion for conditional certification." *Id.* Plaintiff's proposed class explicitly states that it includes "current and former truck drivers." Doc. 22 at 2. Admittedly, at one point in the argument section of his motion, Plaintiff states, "[a]ll putative class members were former drivers for the Defendant." Doc. 22 at 7. While imprecise, this single sentence does not create ambiguity as to whether the

class includes current drivers. Plaintiff's motion clearly delineates the proposed class definition, offsetting it in block quotes, and repeating it in the prayer for relief. Although his motion contained one inexact sentence, the conditional class plainly includes current and former drivers.

Third, Defendant argues that it does not understand whether Plaintiff is attempting to certify a FLSA collective action or a NMMWA collective action. Doc. 23 at 7. For this reason, Defendant states that it "cannot properly respond to" Plaintiff's motion. *Id.* The Court reads Plaintiff's motion as seeking to pursue both a FLSA and NMMWA collective action. *See* Doc. 22 at 1, 2, 3 (citing both FLSA and NMMWA). However, as discussed *infra* § III, Plaintiff has not briefed the correct legal standard for class certification under the NMMWA. Plaintiff did properly brief, and Defendant had a fair opportunity to respond to, the issue of FLSA class certification.

Finally, Defendant argues that this Court will lack personal jurisdiction over the opt-in Plaintiffs' claims. Doc. 23 at 9–10. As the Defendant implicitly acknowledges, it is not clear that the response to the motion for conditional class certification is the appropriate vehicle by which to challenge personal jurisdiction. *Id.* at 9 ("Defendant . . . reserves the right to provide full briefing should be [sic] the Court be inclined to grant the Motion as it now stands."). Nevertheless, the Court does not see immediate cause for concern. Defendant asserts that the Court may not have specific jurisdiction over the opt-in Plaintiffs' claims citing *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255 (2017). Given Plaintiff's clarification that the class only applies to drivers who worked overtime in New Mexico, it is difficult for the Court to see how the opt-in Plaintiffs' claims could lack a sufficient affiliation with New Mexico. *See Bristol-Myers Squibb Co.*, 582 U.S. at 264 ("In order for a court to exercise specific jurisdiction over a claim, there must be an "affiliation between the forum and

7

the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.") (citation omitted).

As discussed above, the Court finds that the modified FLSA class is "similarly situated." 29 U.S.C. § 216(b). The Court disagrees with the Defendant that the class is ambiguous. Plaintiff's FLSA class, as modified by the Court, is conditionally certified.

### B.  Notice-related Discovery

"Plaintiff requests an order compelling the Defendant to provide to Plaintiff's counsel within ten (10) days of entry of an Order approving this Motion, all contact information including, names, birth dates, driver's license numbers, all known telephone numbers, all known email addresses, all known addresses, and dates of employment for the conditional collective." Doc. 22 at 2. Defendant "objects to the broad scope of information the Motion asks the Court to order Defendant to provide, including birth dates, driver's license numbers, and telephone numbers." Doc. 23 at 11. The Court orders Defendant to provide the requested discovery.

"Upon certification of a collective action, the named plaintiffs and their counsel may contact potential members of the class by sending them court–approved notice and consent forms." *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 681–82 (D. Colo. 1997). "[P]laintiffs are entitled to specific discovery to determine the names and addresses of the putative class members." *Id.* at 682 (citing *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

Defendant objects to the scope of the requested discovery, but Defendant does not provide any argument to support this objection. Notice-related discovery is standard for the notice stage. *See Vaszlavik*, 175 F.R.D. at 682. Because Defendant has not provided legal support for its objection, the objection is waived. *See United States v. Gordon*, 710 F.3d 1124, 1150 (10th Cir. 2013) (finding that an inadequately briefed argument was waived).

8

The Court orders Defendant to provide Plaintiff's counsel within ten (10) days of entry of this order, all contact information including names, birth dates, driver's license numbers, all known telephone numbers, all known email addresses, all known addresses, and dates of employment for the conditional FLSA class. Defendant is not required to provide information that is not in its custody and that it cannot obtain with reasonable effort. Defendant may request additional time if necessary.

### C. Notice

Plaintiff requests that the Court, "[a]uthorize mailing of the proposed Notice and Consent Form to class members via regular U.S. mail and email them within seven (7) days of Plaintiffs' counsel receiving the class list from Defendant." Doc. 24 at 7. Plaintiff also requests that the Court approve several provisions regarding the form and timing of the opt-in notice. Doc. 22 at 9. Defendant requests the "opportunity to review, comment on, and object as necessary to any proposed form of notice before the Court approves it." Doc. 23 at 11. The Court declines to rule on the form, content, and timing of the opt-in notice before the parties have conferred.

Plaintiff may not send opt-in notices without court approval as to the form and content of that notice. *See Vaszlavik*, 175 F.R.D. at 682. The Court will require the parties to confer as to the form, content, and timing of the opt-in notices. Then, Plaintiff must file a motion requesting court-approval of the notice. If Defendant still objects to the notice at that point, Defendant may file a response in opposition.

The Court will not set a deadline for filing a motion for court approval of the FLSA opt-in notice because it may be appropriate to send the FLSA opt-in notices at the same time as any prospective Rule 23 NMMWA opt-out notices.

Finally, because this matter is proceeding before a magistrate judge under 28 U.S.C. § 636(c), the parties should consider whether the opt-in Plaintiffs' consent forms should also contain a provision for the opt-in Plaintiffs to consent to the assigned magistrate judge. *See* 28 U.S.C. § 636(c)(1); *Rodriguez v. Belfor USA Grp., Inc.*, No. 22-CV-02071-VKD, 2024 WL 3012798, at *18 (N.D. Cal. June 13, 2024) ("While different magistrate judges in this district have dealt with this issue in different ways, the Court concludes that the best course of action is to ask members of the FLSA collective to consent to or decline magistrate judge jurisdiction at the same time the member opts in to the settlement.").

### III.   New Mexico Minimum Wage Act

The Court denies Plaintiff's request to certify a NMMWA class without prejudice. *See* N.M. Stat. § 50-4-26. Plaintiff's briefing focuses entirely on the FLSA standard for certifying a collective action, not the Federal Rule of Civil Procedure 23 requirements for certifying a NMMWA class action in federal court.

Facially, it might appear that the NMMWA operates under the same opt-in procedures as a FLSA collective action using the two-stage, ad-hoc approach. *See* Annotations, N.M. Stat. § 50-4-26 ("The 'two-tiered' or 'ad hoc' approach is the proper standard to apply to [NMMWA] collective actions."); *Armijo v. Wal-Mart Stores, Inc.*, 2007-NMCA-120, ¶ 47, 142 N.M. 557, 168 P.3d 129. However, following the Supreme Court's ruling in *Shady Grove Orthopedic Assocs., P.A.* the two-stage, ad-hoc procedure no longer applies to NMMWA actions brought in federal court. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010). Instead, "Rule 23 and its opt-out notice provision apply to Plaintiff's NMMWA claim brought on behalf of himself and others similarly situated." *Gandy v. RWLS, LLC*, 308 F. Supp. 3d 1220, 1229 (D.N.M. 2018) (citation omitted); *see also Payne v. Tri-State CareFlight, LLC*,

10

328 F.R.D. 601, 638–49 (D.N.M. 2018) (holding the same); *Deakin v. Magellan Health, Inc.*, 807 F. Supp. 3d 1318, 1327–35 (D.N.M. 2024) (applying Rule 23 to a NMMWA action); *Felps v. Mewbourne Oil Co., Inc.*, 336 F.R.D. 664, 668 (D.N.M. 2020) (same). The Court directs the parties to Judge Herrera's detailed analysis in *Gandy* for an explanation for why Rule 23 applies to the NMMWA actions brought in federal court. *See Gandy*, 308 F. Supp. 3d at 1225–29.

Because Plaintiff has not briefed the requirements for Rule 23 class certification, the Court denies Plaintiff's request for conditional certification of the NMMWA class without prejudice.

## IV.    Conclusion

Plaintiff's Motion for Conditional Class Certification (Doc. 22) is GRANTED IN PART and DENIED IN PART. The Court conditionally certifies the following FLSA class:

> All of Defendant's current and former truck drivers who hauled loads in New Mexico, worked over forty (40) hours in New Mexico at least one week within the three (3) years preceding the filing of this lawsuit, and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours.

Defendant is compelled to provide Plaintiff's counsel within ten (10) days of entry of this order, all contact information including names, birth dates, driver's license numbers, all known telephone numbers, all known email addresses, all known addresses, and dates of employment for the conditional class.

Plaintiff's request to certify a NMMWA class is denied without prejudice.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge
Presiding by Consent

11