IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ZACHARY WIER,

Plaintiff,

v. 1:25-cv-00312-JMR-LF

INDECA CRUDE XPRESS, LLC,

Defendant.

**ORDER GRANTING MOTION TO AMEND COMPLAINT**

THIS MATTER is before the Court on Plaintiff's Motion for Leave to Extend Deadline to Amend Pleadings and to Amend Complaint. Doc. 42. Defendant filed a response. Doc. 49. Plaintiff filed a reply. Doc. 52. Having reviewed the briefing and the relevant law, Plaintiff's motion is hereby GRANTED.

Plaintiff requests that the Court "extend the deadline to amend pleadings and for leave to file an Amended Complaint . . . within fourteen (14) days following the end of the opt-in period." Doc. 42 at 1. Plaintiff is seeking to amend the complaint to add each member of the Fair Labor Standards Act ("FLSA") opt-in class members as individually named plaintiffs. *Id.* at 2. Plaintiff intends to assert claims under FLSA, the New Mexico Minimum Wage Act, and quantum meruit for each opt-in Plaintiff.

Federal Rule of Civil Procedure 16(b)(3)(A) requires the Court to set a deadline to amend the pleadings. That deadline can only be changed for "good cause." FED. R. CIV. P. 16(b)(4). To demonstrate "good cause," the movant must show that the "scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quotation omitted). Good cause may be satisfied when a party "learns new information through discovery." *Id.* "If the plaintiff knew of the underlying conduct

but simply failed to raise [the] claims, however, the claims are barred." *Id.* Further, if a party fails to adequately explain a delay in filing a motion to amend, they fail to show the diligence required for good cause. *Husky Ventures, Inc. v. B55 Investments, Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018).

In addition to demonstrating "good cause" for missing a scheduling order deadline under Federal Rule of Civil Procedure 16(b), a party seeking leave to amend must also satisfy Federal Rule of Civil Procedure 15(a).[1] *Gorsuch*, 771 F.3d at 1240. Rule 15(a)(2) provides, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a). "The court should freely give leave when justice so requires." *Id.* "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

---

[1] Some courts also analyze requests for motions to amend pleadings after the deadline has passed under a third standard—Federal Rule of Civil Procedure 6(b)'s "excusable neglect" standard. The Tenth Circuit disapproves of Rule 6's applicability to this situation. *Birch v. Polaris Industries, Inc.*, 812 F.3d 1238, 1249 n.2 (10th Cir. 2015) (noting that it was harmless legal error for a magistrate judge to apply the Rule 6 standard in addition to Rules 16(b) and 15(a) when deciding a motion to amend pleadings after the deadline).

Rule 16(b)'s "good cause" standard is generally more stringent than Rule 15(a)'s "justice so requires" standard. *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009). While Courts have noted a "rough similarity" in the two standards, *id.*, unlike Rule 15(a), Rule 16(b) does not focus on bad faith or the prejudice to the opposing party. *Pumpco, Inc. v. Schenker, Intern., Inc.*, 204 F.R.D. 667, 668 (D. Colo. Dec. 18, 2001).

Here, Plaintiff has shown "good cause" for failing to meet the scheduling order deadline and "justice" requires allowing Plaintiff to amend the complaint.

**I. Plaintiff has shown good cause for failing to meet the scheduling order deadline.**

Plaintiff has shown good cause for extending the deadline to amend pleadings to fourteen (14) days after the opt-in period ends. *See* FED. R. CIV. P. 16(b)(4).

The original deadline for Plaintiff to amend the complaint was September 19, 2025. Doc. 18 at 2. This deadline could not be met despite Plaintiff's "diligent efforts." *Gorsuch*, 771 F.3d at 1240. It was not possible for Plaintiff to amend the pleadings to name the opt-in Plaintiffs before Plaintiff knew the identity of each opt-in. Plaintiff "did not have the class list or their contact information in order to contact the class regarding their willingness to opt-in until it was provided by Defendant in early April 2026." Doc. 52 at 2–3. Plaintiff could not reasonably be expected to move to name the opt-in Plaintiffs before the Court decided the Motion to Conditionally Certify the FLSA class. *See* Doc. 22. Had the Court denied the Motion to Conditionally Certify the FLSA class, Plaintiff would not have needed to amend pleadings to name the opt-in Plaintiffs—as there would be no opt-in Plaintiffs in the case. The Court did not decide that motion until March 23, 2026, well after the deadline to amend pleadings lapsed. Doc. 30.

Defendant argues that the need to amend pleadings should have been addressed "in connection with the joint scheduling report and Rule 16 conference." Doc. 49 at 2. Defendant ignores that Plaintiff explicitly mentioned adding the opt-in Plaintiffs as named parties in the parties' Joint Status Report and Provisional Discovery Plan (Doc. 14). The parties wrote, "[i]n the event that the Court grants conditional collective action certification, Plaintiff should be allowed until fourteen days following the close of the opt-in period to move to amend the pleadings . . . ." Doc. 14 at 2. The Court granted the conditional collective action certification on March 23, 2026. *See* Doc. 30. Plaintiff then filed this motion to amend on May 12, 2026, a reasonable amount of time later. Doc. 42.

Defendant also argues that Plaintiff "'knew of the underlying conduct but simply failed to raise' the claims sought to be added via amendment." Doc. 49 at 7 (quoting *Gorsuch*, 771 F.3d at 1240). The Court disagrees that Plaintiff "simply failed" to raise the opt-in Plaintiffs' claims. *See Gorsuch*, 771 F.3d at 1240. Plaintiff could not have amended the complaint to name the opt-in Plaintiffs until the identity of the opt-in Plaintiffs were known and they had consented to be named in this lawsuit. The currently named Plaintiff, Mr. Wier, presumably knew that other "similarly situated" drivers had been impacted by Defendants alleged failure to pay overtime wages, which is why he brought a lawsuit on behalf of "similarly situated" drivers. *See* 29 U.S.C. § 216(b). But he did not know the identity of those drivers until recently. *See* Doc. 52 at 6 (explaining that the opt-in Plaintiffs' "identities and willingness to join this suit are recent developments").

The Court finds that Plaintiff has shown good cause to extend the deadline to amend pleadings to fourteen (14) days after the opt-in period expires.

**A. Plaintiff has shown that "justice . . . requires" granting leave to amend.**

Plaintiff has shown that "justice . . . requires" granting leave to amend. *See* FED. R. CIV. P. 15(a).

Plaintiff alleges that it is "arguably best practice" to "amend the pleadings to add opt-in plaintiffs as named party plaintiffs." Doc. 42 at 2. Plaintiff explains that "becoming a *named* plaintiff protects their individual claims should Defendant move for and the Court grant decertification or if Rule 23 certification fails." Doc. 52 at 3 (emphasis in original) (citing *Pruess v. Presbyterian Health Plan, Inc.*, 745 F.Supp.3d 1218, 1247 (D.N.M. Aug. 16, 2024) (dismissing the claims of opt-in plaintiffs at the decertification stage)). Plaintiff further alleges that "[b]ecoming a named plaintiff also protects that individual's claims during settlement; should Defendant seek to settle with the sole current named plaintiff, the entire lawsuit may become moot." Doc. 52 at 3. The Court is persuaded that there is merit to naming the opt-in Plaintiffs as parties in this case. The "underlying facts or circumstances" the opt-in Plaintiffs wish to allege "may be a proper subject of relief," therefore, they "ought to be afforded an opportunity to test" their claims. *Minter*, 451 F.3d at 1204.

Finally, Defendant argues extensively that Plaintiff was unduly delayed filing this motion. *See, e.g.*, Doc. 49 at 8. To the contrary, the Court finds that this motion was filed quite proactively. Plaintiff filed this motion before the Court had approved the notice forms for the opt-in Plaintiffs. *See* Doc. 47 (filed June 2, 2026). And the amended complaint is not even ready to be filed yet because all of the opt-in Plaintiffs are not currently known. It is atypical for Plaintiff to have requested to prospectively amend the complaint.

The Court GRANTS Plaintiff's Motion for Leave to Extend Deadline to Amend Pleadings and to Amend Complaint (Doc. 42). Plaintiff's amended complaint is due fourteen (14) days after the FLSA collective action opt-in period ends.

Jennifer M. Rozzoni

JENNIFER M. ROZZONI
United States Magistrate Judge
Presiding by Consent